

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00156-CR

ANTHONY PAUL MACHINA,

                                             Appellant

 v.

THE STATE OF TEXAS,

                                             Appellee

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-1754-C1

---

## DISSENTING OPINION

---

When the State uses its considerable resources against a defendant, the defendant is entitled to a fair trial. It may never be a perfect trial, but it should, in the final review, be one we can all agree was a fair trial.

### EXCLUDED EXPERT

This case is about credibility. In the worst possible way, the appellant was deprived of his expert witness who had been called for the purpose of explaining the problems that existed in the interview of the victim. After the 702 hearing, the expert

began her testimony in front of the jury. The State again objected; and after another hearing outside the presence of the jury, the jury returned to the courtroom to find the witness was no longer on the stand. It was never explained why, and the loss of the expert, and the way that it was done, was damaging to the appellant's defense.

All of the State's complaints about the expert witness may have been great fodder for cross-examination to attack the weight to be given the expert's testimony; but there can be no question that this witness was duly qualified to testify, and had an ample basis for her opinion, on how to properly conduct an interview of a young victim of sexual assault. She may not have known about some specific training method used to train the person who actually conducted the interview. There may have been some misunderstanding about what was meant by certain terms. But this expert witness had far more training, expertise, and experience on how to properly conduct an interview than did the person who actually conducted the interview.[1] When I read this record, I have no problem seeing how useful this expert's testimony would have been for the appellant and how badly the State wanted to strip this appellant of his only defense. But the State should have used its attack in cross-examination rather than trying to exclude the witness entirely based on qualifications under Texas Rule of Evidence 702.

Moreover, I find that the exclusion of the witness, particularly the manner in which it was done, unquestionably harmed the appellant. I would find the error harmful and would reverse and remand for a new trial.

---

[1] In post-submission briefing, the appellant has chronicled the cases in which the expert has previously testified on a number of issues.

## ADMITTED JOURNAL EXCERPTS

A portion of a journal written by the appellant was admitted into evidence, notwithstanding that the police had destroyed the entire original journal (which was the appellant's private property) two *years* after it had been specifically requested in discovery under article 39.14. I would find the admission of the excerpt of the journal was error which also harmed the appellant.

In the course of investigating a domestic violence complaint, two journals were delivered to the police by the appellant's former wife.[2] They were delivered with a statement to the effect that "you might find these useful on the other charges you are investigating" against the appellant. There was no suggestion the journals were relevant to the domestic violence complaint. Rather than turn over both journals to the detectives investigating the sexual assault complaint, only a few pages were copied and given to them.

After the sexual assault complaint was filed, the appellant specifically requested the complete journals in an article 39.14 request. This request was made in 2015. The full journals were never produced in discovery; and rather than being returned to their owner, the appellant, they were destroyed over two years after they were specifically requested.[3]

---

[2] The appellant's former wife is also the victim's mother.

[3] While the appellant has suggested in supplemental briefing that production "as soon as practicable" under article 39.14 should be no more than 30 days and that for some types of evidence it should be less, we need not decide that issue. It is sufficient to say that two years is way too long and is thus all that is necessary, if showing bad faith by failing to timely produce the journals before they were destroyed is necessary, to exclude the pages introduced.

People who journal their life are interesting. They may write down thoughts, ideas, events, beliefs, facts, and fiction. It may be an idea for a song, a funny saying of a child, an opinion about why something happened, what happened, a poem, or a report about an intergalactic meeting with aliens. The type of journal entries made may change over time. What is written may vary from day to day, month to month, or year to year. We do not know what type of journal entry the appellant was making at the time because the rest of the journal, as well as a second journal, made at that period of time by the appellant were destroyed long after they had been specifically requested by the appellant to be produced in discovery.

The excerpt from one of the journals should never have been admitted. The dark nature and tone of the excerpt might have been a true reflection of the appellant or only a writing style adopted for the moment—an expression of a dark thought rather than a reference to a historical event. The excerpt that was introduced, and literally out of context from what surrounded it, was obviously damaging to the appellant. I would hold that its admission was error which harmed the appellant and would reverse and remand for a new trial.

## RELATIVES FIGHTING

The appellant's brother was now living with the mother of the victim. The appellant had previously been married to the mother of the victim (that is how she was in possession of the appellant's journals). The victim's "family," which now included the appellant's brother, and the appellant's family were two distinct groups. To suggest there

was tension between these two groups would be a gross understatement.[4]

On the evening the appellant was found guilty, but prior to the punishment phase of the trial, the tension erupted into an altercation in the parking lot that spilled down the streets of Waco. The appellant was not involved. I believe this is one of those rare times that Texas Rule of Evidence 403 required the exclusion of the details of these events. Going into the details of the events was unnecessary to show the bias of the appellant's witnesses on punishment. I would hold that it was error but concede that this error was probably harmless. On retrial, after reversal under either of the first two issues, this error should not be repeated.

## CONCLUSION

Based on the foregoing, I respectfully dissent from the judgment affirming the appellant's conviction and would reverse and remand this proceeding for a new trial.


TOM GRAY
Chief Justice


Dissenting opinion delivered and filed March 11, 2020



---

[4] To say that the underlying family dynamic was complicated or unusual would also be an understatement. For example, the victim's mother had made a previous sexual assault complaint against her own sister regarding the inappropriate touching of the same victim while the sister was living with the victim's father, the victim's mother's ex-husband. And it was while the victim's mother was living with the appellant's brother that the victim made her outcry against the appellant.